A CERTIFIED TRUE COPY
ATTEST

By Darion Payne on Apr 14, 2010

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Case 3:09-cv-04016-JSW   Document 21   Filed 04/16/10   Page 1 of 4

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Apr 14, 2010

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

FILED
APR 16 2010
Clerk, U.S. District Court
By: _____ Deputy Clerk

IN RE: BANK OF AMERICA WAGE AND HOUR
EMPLOYMENT PRACTICES LITIGATION    MDL No. 2138

TRANSFER ORDER    10-MD-2138-JWL-KGS

**Before the entire Panel**[*]: Defendants Bank of America, N.A. and Bank of America Corp. (Bank of America) have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Central District of California. Plaintiffs in two actions support the motion. Plaintiffs in five actions support centralization of some actions, but suggest excluding certain actions from centralized proceedings. Plaintiffs in five other actions oppose centralization or inclusion of their actions in centralized proceedings.[1] Plaintiffs, in the first instance or in the alternative, suggest the Central District of California, the Northern District of California, or the District of Kansas as transferee district.

This litigation currently consists of twelve actions listed on Schedule A and pending in eight districts as follows: two actions each in the Central District of California, the Northern District of California, the Middle District of Florida and the District of Kansas; and one action each in the Eastern District of California, the Southern District of California, the Southern District of Texas, and the Western District of Washington.[2]

All of these cases contain allegations that Bank of America routinely fails to pay its employees for off-the-clock overtime work in violation of the Fair Labor Standards Act and/or state law. To be sure, there are differences among the cases. However, as a general rule the similarities seem to outweigh the differences. As we explain below more specifically, we believe that centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

---

[*]    Judge Miller, Judge Vratil and Judge Trager did not participate in the disposition of this matter.

[1]    The actions sought to be excluded by certain responding plaintiffs include the Northern District of California *Zhou* and *Kauffman* actions, the Eastern District of California *Gordillo* action, the District of Kansas *Schreiber* action, the Central District of California *Gold* action, and the Middle District of Florida *Carrero* and *Edward Franco* actions.

[2]    The parties have notified the Panel that two additional related actions are pending in the Central District of California. These actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

The Panel has carefully considered the arguments that certain actions be excluded from centralized proceedings. Some actions are limited to certain bank branches (the *Gold* action) or certain types of employees (such as call center employees in the *Gordillo* and *Schreiber* actions and personal bankers in the *Edward Franco* and *Kauffman* actions). However, the employees in these actions and those they seek to represent fall squarely within the putative classes asserted in several other actions before the Panel. This is true, for instance, in the *Paulino* action, which seeks to certify a class of all Bank of America non-exempt employees in the United States.

Some plaintiffs do allege off-the-clock activities that relate to their specific jobs as call center employees or personal bankers. However, their basic allegations mirror those in other actions, including allegations that Bank of America systematically prohibits overtime eligible employees from accurately recording their time and, as a result, does not pay its employees for all hours worked, including overtime pay. Similarly, the *Gordillo* and *Schreiber* complaints allege that the timekeeping system used by Bank of America allows managers to modify or decrease the time recorded, and time worked is regularly deleted to avoid paying overtime; the first-filed District of Kansas *Brawner* complaint contains identical allegations.

Some actions do allege unrelated claims such as discrimination (the *Zhou* action), retaliation, defamation and violation of the Family and Medical Leave Act (the *Carrero* action). Balancing all factors, however, these differences do not outweigh the clear benefits of centralization here. Transferee courts are well versed in establishing concurrent discovery and motion tracks to accommodate varying claims. Moreover, transferee judges are empowered under Section 1407 to suggest remand to the Panel of any claims or actions appropriate with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We leave these issues to the considered judgment of the transferee judge.

Finally, plaintiff's argument that the *Edward Franco* action is too advanced to warrant inclusion in centralized proceedings is also unpersuasive. This action is in the same procedural posture as other related actions, such as the District of Kansas *Brawner* action, and would likely benefit from centralized proceedings.

Defendants, in seeking the convenience of centralization, have indicated that their corporate timekeeping policies are applied consistently throughout their locations and across job descriptions.[3] This is an important factor for us in concluding that discovery of defendants' corporate practices will overlap and that centralized proceedings will foster efficiencies. On the basis of the papers filed and hearing session held, we find that all actions before the Panel involve common questions of fact and that centralization under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

---

[3] In this respect, this litigation is unlike FLSA dockets in which the Panel has denied centralization, because the duties of the employees at issue appeared to be subject to significant local variances. *See, e.g., In re Tyson Foods, Inc., Meat Processing Facilities Fair Labor Standards Act (FLSA) Litigation*, 581 F.Supp.2d 1374, 1375 (J.P.M.L. 2008).

-3-

The parties have suggested a number of acceptable transferee districts. For instance, Bank of America makes a strong argument for the Central District of California as the central focus of the litigation. For the following reasons, however, we conclude that the District of Kansas would be the best forum. The first-filed *Brawner* action is pending in that district, with a motion for class certification currently pending. The district is centrally located for the parties and the likely discovery in this nationwide litigation. It has docket conditions that are significantly more favorable than the other primary contenders for this litigation. More specifically and of paramount importance, Judge John W. Lungstrum has the experience, energy and time to handle this litigation efficiently.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Kansas are transferred to the District of Kansas and, with the consent of that court, assigned to the Honorable John W. Lungstrum for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Robert L. Miller, Jr.*         Kathryn H. Vratil*
David R. Hansen                W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.          David G. Trager*

IN RE: BANK OF AMERICA WAGE AND HOUR
EMPLOYMENT PRACTICES LITIGATION  MDL No. 2138

## SCHEDULE A

Central District of California

Joshua Gold v. Bank of America, N.A., C.A. No. 2:09-8169
John S. Paulino v. Bank of America, N.A., et al., C.A. No. 8:09-1168

Eastern District of California

Andrew Gordillo v. Bank of America, N.A., C.A. No. 1:09-1954

Northern District of California

Jennifer Zhou v. Bank of America, N.A., C.A. No. 3:09-4016
Virginia Kauffman, et al. v. Bank of America, N.A., C.A. No. 3:09-4114

Southern District of California

Juan Franco v. Bank of America, N.A., C.A. No. 3:09-1364

Middle District of Florida

Edward Franco v. Bank of America, N.A., C.A. No. 2:09-274
Vicky Carrero, et al. v. Bank of America, N.A., C.A. No. 6:09-862

District of Kansas

Amanda Brawner, et al. v. Bank of America, N.A., C.A. No. 2:09-2073
Curtis Schreiber v. Bank of America, N.A., C.A. No. 6:09-1336

Southern District of Texas

Sonia Fortner, et al. v. Bank of America, N.A., C.A. No. 4:09-2651

Western District of Washington

Sanaz Masourian, et al. v. Bank of America, N.A., C.A. No. 2:09-1312